UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK EARL WHITE,

    Plaintiff,

v.

                                        Case No. 1:19-cv-948

CORIZON, INC., et al.,

                                        Hon. Hala Y. Jarbou

    Defendants.
_____/

## **ORDER**

       This is a prisoner civil rights action under 42 U.S.C. § 1983.  The magistrate judge has issued a report and recommendation ("R&R") recommending that the Court partially grant Defendants' motion for partial summary judgment.  (R&R, ECF No. 51.)  Before the Court are objections to the R&R by Plaintiff White.  (ECF No. 54.)

       Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct de novo review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The R&R determined that Plaintiff's complaint purports to assert seven different claims against Defendants. (*See* R&R 2.) Plaintiff has not objected to the list of claims identified in the R&R, so the Court will use that list in its assessment of Plaintiff's objections.[1]

Plaintiffs' objections concern the R&R's discussion of "claim 6," which asserts that Defendant Sices removed Plaintiff from diabetic treatment on October 1, 2019. (*Id.* at 3.) The R&R determined that Plaintiff did not properly exhaust this claim. Plaintiff filed two grievances related to this claim: one that he failed to timely appeal to step III of the grievance process ("Grievance 2571") and one that was untimely at step I because he filed it several weeks after October 1, 2019 ("Grievance 2399"). (*See id.* at 9.) The R&R properly determined that these grievances did not exhaust Plaintiff's claim.

Plaintiff contends that he did not file a grievance immediately after October 1 because he feared retaliation due to a threat by Defendant Sices. And because of that threat, the grievance process was not available to him. The evidence, however, indicates otherwise. He ostensibly filed Grievance 2571 on November 25, 2019, almost two months after October 1. (Grievance Form, ECF No. 28-2, PageID.431.) That grievance may have been untimely, but MDOC considered it anyway and denied it. Plaintiff appealed at step II of the grievance process but did not file a timely appeal at step III; the latter appeal was due "within a suitable timeframe after . . . January 3, 2020." (Step III Grievance Response, ECF No. 28-2, PageID.428.) In other words, Sices' threat clearly did not stop Plaintiff from filing a grievance against Sices, and it does not explain Plaintiff's subsequent failure to file a timely appeal in January 2020. Thus, the threat did not render the grievance process unavailable.

---

[1] The list of claims in the R&R corresponds to a list in Defendants' summary judgment brief. (*See* ECF No. 28, PageID.363.) Plaintiff did not challenge that list when responding to Defendants' motion.

Alternatively, Plaintiff contends that he did not file a timely appeal because he was indigent from December 2019 through January 2020 and had to rely on staff to send mail. He contends that no staff were available to send his appeal from the time that he received the step II response on December 20, 2019, until the date that he mailed the step III appeal on January 9, 2020. However, Plaintiff did not provide this explanation in response to the motion for summary judgment. He cannot attack the R&R by raising new arguments that he never presented to the magistrate judge in the first place. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."). Similarly, Plaintiff did not offer this explanation in his step III appeal.

And in any case, Plaintiff's reason for the delay in filing the appeal does not account for the full period of delay. He does not explain why, if he mailed the step III appeal on January 9, 2020, as he claims, the MDOC received it on January 24, approximately 15 days later. (*See* ECF No. 28-2, PageID.428.) Accordingly, for all the foregoing reasons,

**IT IS ORDERED** that Plaintiff's objections to the R&R (ECF No. 54) are **DENIED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 51) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for partial summary judgment (ECF No. 28) is **GRANTED** as to Plaintiff's claims that Defendant Dr. Coleman denied Plaintiff a neoprene brace for his right knee and left ankle (claim 1), that Dr. Coleman denied Plaintiff a soft mattress and a pillow to use in between his legs (claim 5), and, that Dr. Sices removed Plaintiff from insulin therapy and snack-bag detail because he did not qualify for treatment (claim 6).

4

**IT IS FURTHER ORDERED** that Defendants' motion is **DENIED** as to Plaintiff's claim that Dr. Sices denied Plaintiff's request for nerve and pain medication (claim 4) and that Corizon engaged in a practice which violated his constitutional rights (claim 7).

Dated:  March 23, 2021 /s/ Hala Y. Jarbou
HALA Y. JARBOU
UNITED STATES DISTRICT JUDGE