UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK EARL WHITE,

    Plaintiff,

v.

CORIZON, INC., et al.,

    Defendants.
_____/

Case No. 1:19-cv-948

HON. JANE M. BECKERING

## **MEMORANDUM OPINION AND ORDER**

This is a pro se civil rights action filed pursuant to 42 U.S.C. § 1983. This Court previously terminated four of the seven Defendants whom Plaintiff sued. The remaining Defendants, Dr. Ricky Coleman and Dr. Peter Sices[1], filed a motion for summary judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that the motion be granted and this matter be dismissed. The matter is presently before the Court on Plaintiff's five objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Memorandum Opinion and Order.[2]

---

[1] Defendant Corizon Health, Inc. was among the remaining Defendants seeking summary judgment. However, on February 17, 2023, Defendant Corizon Health, Inc. filed a Notice of Bankruptcy (ECF No. 133). Consequently, this Court stayed and administratively closed this case as to Defendant Corizon Health, Inc., only (2/21/2023 Order, ECF No. 134).

[2] On February 28, 2023, Defendants Dr. Coleman and Dr. Sices filed an emergency motion for a stay or, in the alternative, for an additional 60 days to file a response to Plaintiff's objection (ECF No. 138). Having reviewed the filing and being familiar with the case circumstances, this Court determines that a response from Defendants is not necessary to resolve the instant objection.

In his first three objections, Plaintiff challenges the Magistrate Judge's conclusion that Dr. Sices should be granted summary judgment as to Plaintiff's Eighth Amendment claims related to Dr. Sices' treatment of Plaintiff for diabetes (Pl. Obj., ECF No. 137 at PageID.1738–1743). Plaintiff's objections do not identify error in the Magistrate Judge's analysis of the facts nor in the Magistrate Judge's ultimate conclusion that Dr. Sices is entitled to summary judgment. For instance, as to Plaintiff's Claim 2, Plaintiff objects on the basis that "Plaintiff set forth in verified pleadings and supported medical records that all other physicians during the periods from February 2007 to present had provided plaintiff with a snack bag when injecting insulin" (Pl. Obj., ECF No. 137 at PageID.1738). However, the Magistrate Judge explicitly addressed Plaintiff's arguments that "other medical providers at other correctional facilities allowed him to have a snack bag as part of his diabetes treatment" and determined that Dr. Sices' treatment of Plaintiff was not "grossly inadequate" (R&R, ECF No. 132 at PageID.1719). This Court's review of the record shows that the Magistrate Judge correctly determined that Dr. Sices "exercised his professional medical judgment in discontinuing [Plaintiff's] evening snack bag" (*id.*) and that such conduct does not violate Plaintiff's Eighth Amendment rights.

In sum, while Plaintiff would answer the factual questions differently, his mere disagreement with the Magistrate Judge's findings does not serve to demonstrate error. Plaintiff's objections are properly denied.

In his fourth objection, Plaintiff challenges the Magistrate Judge's conclusion that Dr. Coleman should be granted summary judgment as to to Plaintiff's Eighth Amendment claims related to Dr. Coleman's denial of Plaintiff's requested accommodations for a patellar knee tracking brace and athletic/orthopedic shoes. Specifically, Plaintiff asserts that "the Magistrate [Judge] has the FACTS wrong" and that "Dr. Coleman's denial was indifferent in violation of U.S.

Const. Am. VIII" (Pl. Obj., ECF No. 137 at PageID.1743).  As noted above, Plaintiff's objection fails to demonstrate any factual or legal error in the Magistrate Judge's ultimate conclusions, nor does his objection state any facts as to how Dr. Coleman's "denial" of Plaintiff's knee replacement brace or a specialist recommendation for an orthopedic shoe amounted to "deliberate indifference" of Plaintiff's serious medical needs.  *See* R&R, ECF No. 132 at PageID.1717.[3]  Therefore, Plaintiff's objection is properly denied.

Last, in his fifth objection, Plaintiff objects to "Magistrate Judge Kent's refusal to recuse himself as bias" (Pl. Obj., ECF No. 137 at PageID.1744) (citing ECF No. 112).  Such an argument is not properly before the Court as an objection to the Report and Recommendation of the Magistrate Judge.  *See* W.D. Mich. LCivR 72.3(b); *see also Liteky v. United States*, 510 U.S. 540, 548 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias…").[4]  Plaintiff's objection is properly denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this Memorandum Opinion and Order resolves all pending claims as to Defendants Coleman and Sices in this matter, a Judgment will also enter.  *See* FED. R. CIV. P. 58.  Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 137) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 132) is APPROVED and ADOPTED as the Opinion of the Court.

---

[3] As the Magistrate Judge properly noted and as Plaintiff states in his objection, Dr. Coleman ultimately approved the correct orthopedic shoes (*see* R&R, ECF No. 132 at PageID.1725; Pl. Obj., ECF No. 137 at PageID.1744).

[4] Plaintiff's arguments as to the Magistrate Judge's conclusion that Dr. Sices is entitled to summary judgment on Plaintiff's Supplemental Claim III are likewise not properly before the Court as an objection to the Report and Recommendation (*see* Pl. Obj., ECF No. 137 at PageID.1740–1741) (citing ECF No. 112).

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 119) is GRANTED, and Defendants Ricky Coleman and Peter Sices are TERMINATED from this case.

**IT IS FURTHER ORDERED** that the emergency motion for a stay of proceedings filed by Defendants Coleman and Sices (ECF No. 138) is DISMISSED as moot.

Dated:  March 6, 2023         /s/ Jane M. Beckering
                              JANE M. BECKERING
                              United States District Judge